E-FILED
Friday, 07 March, 2014  04:09:21 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Carmen Thomas, <br><br> Plaintiff, <br><br> v. <br><br> Alliance Health Networks, Inc.; and DOES 1-10, inclusive, <br><br> Defendant. | Civil Action No.: 1:14-cv-01082 <br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Carmen Thomas, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Carmen Thomas ("Plaintiff"), is an adult individual residing in Peoria, Illinois, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. The Defendant, Alliance Health Networks, Inc. ("Alliance"), is a Utah business entity with an address of 9 Exchange Place, Suite 200, Salt Lake City, Utah 84111, and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Alliance and whose

identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Alliance at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last year, Alliance contacted Plaintiff in an attempt to make Plaintiff participate in medical surveys they offered.

9. At all times mentioned herein, Alliance contacted Plaintiff by placing calls to Plaintiff's cellular phone, using an automated telephone dialer system with an artificial or prerecorded voice of 47 U.S.C. § 227(b)(1)(A)(iii), (hereafter "Robocalls").

10. When Plaintiff answered the Robocalls from Alliance, she would hear approximately five seconds of silence, followed by an automated voice coming on the line which would ask Plaintiff a series of medical related questions. Throughout the message, Plaintiff was never given the opportunity to opt out of the Robocalls.

11. Upon information and belief, Plaintiff never provided her cellular telephone number to Alliance, and never provided Alliance with express permission to place Robocalls to her cellular phone.

12. After receiving numerous Robocalls from Alliance, on January 27, 2014, Plaintiff called Alliance back in an attempt to make the calls stop. Instead of reaching a live representative, Plaintiff was connected to an automated system which instructed her to "press one" to have her number placed on Alliance's do not call list. Plaintiff pressed one to be placed on the list.

13. Much to Plaintiff's frustration, Alliance placed several more Robocalls to Plaintiff after her original attempt to make the unauthorized Robocalls cease, causing Plaintiff to incur significant inconvenience.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Without prior express consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

17. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

20. Illinois further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Illinois state law.

21. The Defendants intentionally intruded upon the Plaintiff's right to privacy by

continually harassing the Plaintiff with the above-referenced telephone calls.

22. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

23. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

24. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

25. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

3. Granting the Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 7, 2014

                                          Respectfully submitted,

                                          By   /s/ Sergei Lemberg

                                          Sergei Lemberg, Esq.

LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff